OPINION
On March 6, 1997, appellee, Paul Locker, filed a complaint against appellant, Steven Thomakos, Esq., as well as R.E. Goforth Co., L.P.A., the legal professional association which employed appellant and Richard Goforth, Esq. as owner of said association. Appellant had represented appellee in a workers' compensation matter. Appellee sought to enforce an order of the industrial commission which required "the law firm" to refund appellee $2,873.14 in excess fees.
On April 4, 1997, appellant filed a motion to dismiss. By decision filed January 12, 1999, a magistrate granted said motion. The trial court approved and adopted the decision on same date.
On January 29, 1999, appellant filed a motion for attorney fees. On February 4, 1999 and February 17, 1999, appellant filed an amended motion for attorney fees and a second amended motion for attorney fees, respectively. A hearing before a magistrate was held on April 16, 1999. By decision filed June 10, 1999, the magistrate denied appellant's motion. The trial court approved and adopted the decision on same date.
On June 21, 1999, appellant objected to the magistrate's decision. Another hearing before the magistrate was held on September 2, 1999. By decision filed January 19, 2000, the magistrate again denied appellant's motion. The trial court approved and adopted the decision on same date.
On February 1, 2000, appellant objected to the magistrate's decision. By judgment entry filed June 27, 2000, the trial court overruled the objections and approved and adopted the magistrate's January 19, 2000 decision.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR SANCTIONS AGAINST APPELLEE'S COUNSEL.
 I Appellant claims the trial court erred in denying his Civ.R. 11 and R.C. 2923.51 motion for attorney fees for the filing of a lawsuit which attempted to collect attorney fees already paid out of a workers' compensation award. We disagree.
A decision on whether or not to impose sanctions, including attorney fees, lies within the trial court's sound discretion. State ex rel. Fantv. Sykes (1987), 29 Ohio St.3d 65; Riley v. Langer (1994),95 Ohio App.3d 151. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as follows in pertinent part:
`Frivolous conduct' means either of the following:
 Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
 It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
The magistrate's decision filed January 19, 2000, ratified by the trial court on June 27, 2000, denied appellant's motion for attorney fees for the following reasons:
 Section 2323.51 defines frivolous conduct as the filing of a civil action that is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law. The Court believes that the action filed herein was warranted under existing law. The suit did not serve merely to harass or maliciously injure another party. Furthermore, the evidence of attorney fees incurred by the defendant, Steven Thomakos, was deficient under the standards of this statute. This defendant failed to adequately show that reasonable attorney fees were actually incurred.
From our review of the record of the September 2, 1999 hearing, we find sufficient evidence on the reasonableness of the attorney fees as testified to by Richard Hinig, Esq.[1] T. at 20-21. There is no evidence the attorney fees were ever billed to appellant or were paid by appellant. In its decision filed January 12, 1999, ratified by the trial court on same date, the magistrate granted appellant's motion to dismiss for the following reasons:
 The Court can discern no cause of action with the evidence submitted that would allow for the return of fees legitimately charged and later, in some manner, ordered returned as that claim would relate to a pure employee of the law firm. The claim, if thusly recognized, would permit this plaintiff to file the action against all employees of the law firm on the theory that the employees were paid their regular compensation. If the action is ultimately meritorious, the proper party from whom to collect would be the law firm which collected the fee — not its employees.
In his supplemental memorandum filed January 7, 1998, appellee explained the theory of his claim against appellant as follows:
 Attorney Thomakos, by personally representing Paul Locker in worker's compensation hearings, had a personal and professional responsibility to make sure that Locker's payment of fees was lawful and not excessive. DR 2-106(A). As a professional, he was a member of the firm subject to the order of the Industrial Commission. R.C. 1785.04 and Gov.R. III(D). It makes no difference that Thomakos was an employee of a legal professional association instead of a partner in a law firm. All lawyers, in all forms of association and practice, are prohibited from using any form of association to limit their personal responsibility to their clients.
We concur with the trial court's decision in dismissing appellant. We cannot find the trial court abused its discretion in not awarding attorney fees to appellant based upon a failure of proof as to whether fees were actually paid or on the advancement of an expansion of new law.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. and Hon. John W. Wise, J. concur.
[1] We note there appears to have been animosity between appellee's counsel, Richard Renner, Esq., and Mr. Hinig. Mr. Renner asked Mr. Hinig if he liked him or had any feelings toward him. T. at 16-17.